BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
STEFAN J. BACHMAN
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 616-6536 (telephone)
(202) 703-5480 (facsimile)
stefan.bachman@usdoj.gov
S.C. Bar Number: 102182

Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. _3:17-cv-255_____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| TOMALES BAY OYSTER COMPANY, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, the United States of America, by and through the undersigned attorneys, by the

authority of the Attorney General of the United States and on behalf of the United States

Department of the Interior, National Park Service ("NPS"), alleges as follows:

## NATURE OF ACTION

1.      This is a civil action brought pursuant to the System Unit Resource Protection Act

("SURPA"), 54 U.S.C. §§ 100721 to 100725, and California trespass law, including California

Civil Code § 3346 and California Civil Procedure Code § 733, arising from Defendant Tomales

Bay Oyster Company, LLC's ("Defendant's") unauthorized grading and clearing of lands administered by NPS in the Golden Gate National Recreation Area ("GGNRA").  Plaintiff United States brings this action to recover response costs and damages pursuant to 54 U.S.C. § 100722(a), and to recover damages for destruction of vegetation pursuant to Cal. Civ. Code § 3346(a) and Cal. Civ. Proc. Code § 733.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 54 U.S.C. § 100723 (SURPA) and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and the events at issue occurred in this district.

4.      Intradistrict assignment is proper in the San Francisco Division pursuant to Civil L.R. 3-2(d) because the events giving rise to this Complaint occurred in Marin County.

## PARTIES

5.      The Plaintiff is the United States of America ("United States") and was at all times pertinent to this Complaint in possession of the land within the GGNRA where the alleged damages occurred.

6.      Defendant is a limited liability company organized under the laws of California. Defendant operates an oyster farm in Marshall, California on land adjacent to the NPS-administered property.  Defendant caused the damages that are the subject of this action and is a "person" within the meaning of SURPA, 54 U.S.C. § 100722, and California trespass law, including Cal. Civ. Code § 3346 and Cal. Civ. Proc. Code § 733.

**LEGAL BACKGROUND**

7.    Title 54, which governs the NPS and related programs, defines a "System unit" of the National Park System as "any area of land and water administered by the Secretary [of the Interior] . . . for park, monument, historic, parkway, recreational, or other purposes." 54 U.S.C. §§ 100102 and 100501.

8.    SURPA provides that "any person that destroys, causes the loss of, or injures any System unit resource is liable to the United States for response costs and damages resulting from the destruction, loss, or injury." *Id.* § 100722.

9.    "System unit resource" includes any living or non-living resource located within the boundaries of a system unit. *Id.* § 100721(3)(A).

10.    "Response costs" are defined in the Act as "the costs of actions taken by the Secretary [of the Interior] to—

(A) prevent or minimize destruction or loss of or injury to a System unit resource;

(B) abate or minimize the imminent risk of the destruction, loss, or injury; or

(C) monitor ongoing effects of incidents causing the destruction, loss, or injury."

*Id.* § 100721(2).

11.    SURPA also provides that the term "damages" includes the following:

"(A) compensation for—

> (i)    (I) the cost of replacing, restoring, or acquiring the equivalent of a System unit resource; and
>
> (II) the value of any significant loss of use of a System unit resource pending its restoration or replacement or the acquisition of an equivalent resource; or

(ii)   the value of the System unit resource if the System unit resource cannot be replaced or restored; and

(B) the cost of a damage assessment under section 100723(b) of this title."

*Id.* § 100721(1).

12.   The provisions of SURPA are in addition to any other liability which may arise under federal or state law.  *Id.* § 100722(d).

13.   Under California law, wrongful entry on land owned by another is trespass.

14.   Section 3346(a) of the California Civil Code provides that "[f]or wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment, except that where the trespass was casual or involuntary, or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment . . . ." Cal. Civ. Code § 3346(a).

15.   Section 733 of the California Code of Civil Procedure provides that "[a]ny person who cuts down or carries off any wood or underwood, tree, or timber, or girdles or otherwise injures any tree or timber on the land of another person . . . without lawful authority, is liable to the owner of such land . . . for treble the amount of damages which may be assessed therefor, in a civil action, in any Court having jurisdiction."  Cal. Civ. Proc. Code § 733.

## GENERAL ALLEGATIONS

### Golden Gate National Recreation Area

16.     Congress established the GGNRA in 1972 to preserve for public use outstanding natural, scenic, historic, and recreational areas of San Francisco and Marin Counties.  16 U.S.C. § 460bb.

17.     Congress directed the Secretary of the Interior in the GGNRA's enabling legislation to "preserve [the GGNRA], as far as possible, in its natural setting, and protect it from development and uses which would destroy the scenic beauty and natural character of the area." *Id.*

18.     At all times relevant to this Complaint, the GGNRA has been a "System unit" within the meaning of SURPA and 54 U.S.C. §§ 100102 and 100501.

19.     At all times relevant to this Complaint, the affected land ("the NPS parcel"), described in Exhibit "A" to the Grant Deed recorded on February 8, 1994, as document number 94-010730 in the Official Records of Marin County, California, was part of the GGNRA.

20.     At all times relevant to this Complaint, the soil, trees, brush, grasses, and other living and nonliving resources on the NPS parcel were each a "System unit resource" within the meaning of SURPA, 54 U.S.C. § 100721(3)(A).

### Modifications to the NPS Parcel

21.     Defendant caused its employees and agents, including but not limited to local contractor Robert Arndt, to enter the NPS parcel and modify the property "in stages."

22.     Defendant was aware of the location of the NPS boundary line before causing its employees and agents to enter the NPS parcel.

23.     Beginning in 2010 Defendant caused its employees and agents, including but not limited to Mr. Arndt, to on multiple occasions use equipment to remove brush and excavate and fill soil on the NPS parcel.

24.     Defendant cut 19 trees at the base and "limbed" 3 trees on the NPS parcel.

25.     Defendant caused its agents to cut berms and widen portions of the NPS parcel to create a parking lot.

26.     Defendant caused vehicles to enter and park on the NPS parcel.

27.     Defendant caused its agents to remove a large berm running parallel to Highway 1 in January 2014 and use the fill to change the grade of the NPS parcel.

28.     Defendant caused its agents to apply fill and spread foreign gravel/aggregate on the NPS parcel in January or February 2014.

29.     On May 31, 2014, and July 6, 2014, NPS staff observed Defendant's customers and employees driving and parking on the NPS parcel.

30.     Defendant's ongoing unauthorized use of the NPS parcel between at least 2010 and 2014 harmed existing living and nonliving resources and prevented native vegetation from growing.

31.     Modifications Defendant completed between 2010 and 2014 caused soil erosion on the NPS parcel and introduced noxious invasive species to the NPS parcel, including stinkwort and French broom.

32.     Defendant caused its employees and agents to clear vegetation on the NPS parcel repeatedly to prevent regrowth of native vegetation.

33.     Defendant caused its employees, customers, and agents to damage 11,385 square feet of System unit resources on the NPS parcel.

Complaint

## FIRST CLAIM FOR RELIEF

### (System Unit Resource Protection Act)

34.     The allegations in Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35.     Defendant's activities described in paragraphs 21–33 caused the loss of and/or injured "System unit resources" within the boundaries of the GGNRA, including but not limited to grasses, brush, trees, and soil.

36.      At times relevant to this Complaint, NPS park rangers and other employees of the United States took action to prevent or minimize destruction of, loss of, and/or injury to System unit resources that resulted from Defendant's activities described in paragraphs 21–33, including but not limited to removing invasive species and reducing soil erosion.

37.      At times relevant to this Complaint, NPS park rangers and other employees of the United States took action to abate or minimize the imminent risk of destruction, loss, and/or injury to System Unit Resources that resulted from Defendant's activities described in paragraphs 21–33, including but not limited to removing invasive species and reducing soil erosion.

38.     At times relevant to this Complaint, NPS park rangers and other employees of the United States took action to assess the extent of, and to monitor the ongoing effects of, the destruction, loss, and/or injury to System unit resources that resulted from Defendant's activities described in paragraphs 21–33, including but not limited to monitoring invasive species and soil erosion.

39.     Defendant's activities described in paragraphs 21–33 caused the United States to incur significant "response costs" and "damages" as those terms are defined by SURPA, 54 U.S.C. § 100721.

40.     Pursuant to SURPA, 54 U.S.C. § 100722(a), Defendant is liable for all past and future response costs and damages resulting from the destruction of, loss, of, and injury to System unit resources on the NPS parcel caused by Defendant's activities described in paragraphs 21–33.

## SECOND CLAIM FOR RELIEF

### (Liability for Trespass Under California Law)

41.     The allegations in Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

42.     The NPS parcel is property of the United States, a "person" within the meaning of California trespass law, including Cal. Civ. Code § 3346 and Cal. Civ. Proc. Code § 733.

43.     Defendant committed trespass by intentionally, willfully, and maliciously causing its employees, customers, and agents to enter the NPS parcel.

44.     Defendant's trespass resulted in the cutting and/or injury to wood, underwood, and trees on the NPS parcel.

45.     Defendant had no legal authority to order the cutting of and/or injury to wood, underwood, or trees on the NPS parcel, and the injury caused by so doing was wrongful.

46.      Defendant's conduct was the sole factor in causing injury to wood, underwood, or trees on the NPS parcel, and a substantial factor in causing soil disturbance and erosion.

47.     Pursuant to Cal. Civ. Code § 3346 and Cal. Civ. Proc. Code § 733, Defendant is liable to the United States for up to three times the sum that would compensate for the actual

detriment caused by its wrongful cutting of and/or injury to wood, underwood, and trees on the NPS parcel.

**PRAYER FOR RELIEF**

WHEREFORE, the United States requests that this Court:

1.      Enter judgment in favor of the United States and against Defendant for all response costs and damages in accordance with SURPA, 54 U.S.C. §§ 100721 to 100725;

2.      Enter judgment in favor of the United States and against Defendant in the amount of three times the sum that would compensate for the actual detriment for its destruction of wood, underwood, and trees on the NPS parcel in accordance with Cal. Civ. Code § 3346 and Cal. Civ. Proc. Code § 733;

3.      Enjoin Defendant from further trespassing upon or causing destruction, loss, and/or injury to lands of the United States, including but not limited to the NPS parcel;

4.      Award the United States its costs and fees in this action; and

5.      Order such other relief as this Court may deem just and proper.

Respectfully Submitted,

FOR THE UNITED STATES OF AMERICA:

*/s/ Bruce S. Gelber*_____
BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Stefan J. Bachman*_____
STEFAN J. BACHMAN
Trial Attorney
Environmental Enforcement Section
United States Department of Justice

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Of Counsel:**
BARBARA GOODYEAR
United States Department of the Interior
Officer of the Field Solicitor
Pacific Southwest Region
San Francisco Field Office
333 Bush Street, Suite 775
San Francisco, CA 94104

Complaint